UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUANE DAVIS,

      Plaintiff,

                                        Civil No. 10-13394
                                        Hon. Sean F. Cox

      v.

U.S. BANK NATIONAL ASSOCIATION,

      Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [8] AND DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER [3]**

      Plaintiff Duane Davis, proceeding *pro se* and *in forma pauperis*, has brought this action against Defendant U.S. Bank National Association ("U.S. Bank") to set aside a sheriff's deed to certain real property in Taylor, Michigan. (Dkt. 1, Compl. ¶ 5.) Presently before the Court is Plaintiff's Emergency Motion for Ex-Parte Temporary Restraining Order and Preliminary Injunction ("TRO Motion") (Dkt. 3), and Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(1) ("Motion to Dismiss") (Dkt. 8). Having thoroughly reviewed the papers for both motions, the Court concludes that oral argument will not aid in the disposition of this matter. *See* E.D. Mich. L.R. 7.1(f)(2). For the following reasons, the Court DENIES Plaintiff's TRO Motion and GRANTS Defendant's Motion to Dismiss.

**I. BACKGROUND**

      **A. Plaintiff's Mortgage and Subsequent Foreclosure**

      In May 2006, in exchange for a home loan of $244,000, Plaintiff encumbered his home on Labana Woods Drive in Taylor, Michigan ("Property") by executing a Mortgage in favor of non-

party New Century Mortgage Corporation. (Def.'s Mot. Dismiss, Ex. B, Mortgage.) In April 2007, the Mortgage was assigned to Defendant U.S. Bank. (Def.'s Mot. Dismiss, Ex. C, Assignment of Mortgage.) As a result of Plaintiff's default, foreclosure proceedings commenced on August 4, 2008. (Def.'s Mot. Dismiss, Ex. F, Sheriff's Deed and Aff. of Publisher.) Defendant purchased the Property at a September 3, 2008, sheriff's sale for $314,470.35. (*Id.*)

### B. State Court Proceedings

Following its foreclosure-sale purchase, in March 2009, Defendant initiated a summary eviction proceeding in state district court. (Def.'s Mot. Dismiss, Ex. G.) In June 2009, after a hearing on the matter, the state district court issued a judgment of possession in favor of Defendant. (Def.'s Mot. Dismiss, Ex. L.) Plaintiff appealed the district court's judgment, but the Wayne County Circuit Court dismissed that appeal for failure to comply with certain filing requirements. (Def.'s Mot. Dismiss, Ex. N.)

Despite the summary proceeding judgment of possession, Defendant explains that it was unable to execute an order of eviction, first because of Plaintiff's state court appeal, and then because of a pair of federal bankruptcy filings by Plaintiff. (Def.'s Mot. Dismiss at 3-5.) In May 2010, Defendant states that it "filed another Motion for Re-Issuance of Order of Eviction." (*Id.* at 5.) According to Defendant, instead of appearing at the hearing for that motion, Plaintiff filed suit in Wayne County Circuit Court. That complaint asserts that the sheriff's deed conveying the Property to Defendant is void because the "[s]heriff's [s]ale was not conducted by [one of] the three authorized individuals identified" in Mich. Comp. Laws § 600.3216: the sheriff, undersheriff, or a deputy sheriff of the county. (*See* Def.'s Mot. Dismiss, Ex. Z ¶ 6.) In particular, Plaintiff pled that Laura Dyament, who executed the sheriff's deed, was not properly appointed as a deputy sheriff and

2

that records of her appointment were not properly recorded. (*Id.*) On July 16, 2010, following a hearing, the Wayne County Circuit Court dismissed Plaintiff's complaint with prejudice. (Def.'s Mot. Dismiss, Ex. AA.) This suit followed.

### C. Procedural History

On August 25, 2010, Plaintiff filed the present action along with his TRO Motion. (Dkts. 1, 3). With one material exception, the Compliant is identical to the one filed by Plaintiff in Wayne County Circuit Court. Here, the "Jurisdictional Allegations" section states that suit is brought pursuant to "15 U.S.C. 7003, and 15 U.S.C. 1692," as well as Mich. Comp. Laws § 51.73, whereas only the latter appeared in the Wayne County Circuit Court complaint. (Dkt. 1, Compl. ¶ 2.)

On September 20, 2010, upon finding that the Complaint did not adequately plead a basis for subject-matter jurisdiction, this Court issued an Order to Show Cause. (Dkt. 7.)[1] That order required that Plaintiff establish jurisdiction, and informed Plaintiff that no ruling on his TRO Motion would be forthcoming until the Court was satisfied that it had the power to do so. (*Id.*) On September 27, 2010, before Plaintiff filed his show-cause response, Defendant filed its Motion to Dismiss. (Dkt. 8.)

On October 20, 2010, Plaintiff timely filed the requested show-cause response. (Dkt. 9.) He did not, however, timely file a response to Defendant's Motion to Dismiss. *See* E.D. Mich. LR

---

[1]As mentioned in the Order to Show Cause, the mere listing of federal statutes in a complaint is not adequate to plead a federal question. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n.10 (2006) ("A claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" (quoting *Bell v. Hood*, 327 U.S. 678, 682-683 (1946))).

7.1(e)(1)(B).  Nor did Plaintiff file an amended complaint with allegations sufficient to establish subject-matter jurisdiction as required by the Court's Order to Show Cause.  (Dkt. 7 at 5 ("In advance of [Plaintiff's] written response [to the Court's Order to Show Cause], Plaintiff *must* file an amended complaint to allege facts sufficient to establish subject matter jurisdiction." (emphasis added)).)  Mindful that Plaintiff is proceeding *pro se*, on October 29, 2010, this Court issued a second order; this one granted Plaintiff's request to file a late response to Defendant's Motion to Dismiss.  (Dkt. 10.)  With explicit limitations, the order also permitted plaintiff to belatedly file the amended complaint originally requested in the Order to Show Cause:

> The Court's Order to Show Cause directed Plaintiff to file an amended complaint stating the basis for this Court's jurisdiction *prior* to filing his response to the show cause order.  (*See* Dkt. 7 at 5.)  Plaintiff has not complied with this request.  To the extent that Plaintiff's present request for a 30-day extension is a request to belatedly submit an amended complaint, the Court grants Plaintiff leave to amend his complaint *only* in the following two ways: (1) to state the basis for diversity jurisdiction, and (2) to detail the two federal claims eluded to in the original complaint—15 U.S.C. § 7003 and 15 U.S.C. § 1692. . . .
>
> To the extent that Plaintiff seeks to add federal claims not part of his original complaint, Plaintiff must file the appropriate motion pursuant to the Federal Rules.  *See* Fed. R. Civ. P. 15(a)(2) ("In all . . . cases [not covered by Rule 15(a)(1)], a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.").

(Dkt. 10 at 3 n.1.)

On November 5, 2010, Plaintiff filed an "Amended Complaint & Request for Temporary Restraining Order" ("Amended Complaint").  (Dkt. 11.)

## II. ANALYSIS

### A. Plaintiff's Amended Complaint Is Not Properly Before the Court

Contrary to the instructions of the Court reproduced above, Plaintiff's Amended Complaint does not merely "detail the two federal claims eluded to in the original complaint—15 U.S.C. § 7003 and 15 U.S.C. § 1692." (*See* Dkt. 10 at 3 n.1.) In fact, there is no mention of those statutes. Instead the Amended Complaint asserts violations of three other federal statutes: (1) the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*; (2) the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*; and (3) a provision of the Public Health and Welfare Act, 42 U.S.C. § 3535(d). (Dkt. 11.) Thus, the Amended Complaint is plainly not of the variety permitted by this Court's prior orders. (*See* Dkt. 10 at 3 n.1.) The Court will, however, determine whether it is otherwise properly filed.

The Amended Complaint is not proper under Federal Rule of Civil Procedure 15(a)(1)(B). That Rule allows a Plaintiff to file an amended complaint "as a matter of course" within "21 days after service of a motion under Rule 12(b), (e), or (f)." Fed. R. Civ. P. 15(a)(1)(B). Defendant's Motion to Dismiss was filed on September 27, 2010, and an accompanying certificate of service states that the motion was mailed to Plaintiff on September 28. (Dkt. 8 at 13.) Accordingly, Plaintiff had 24 days, or equivalently, until October 21, 2010, to file an amended complaint as a matter of right. *See* Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."); Fed. R. Civ. P. 5(b)(2)(C) ("A paper is served under this rule by . . . mailing it to the person's last known address—in which event service is complete upon mailing"). However, Plaintiff's Amended Complaint was not filed until November 5, 2010—well after the time to amend as a matter of course expired.

5

Nor does Rule 15(a)(2) aid Plaintiff. To amend under that subsection, Plaintiff is required to either obtain written consent from Defendant or file a motion for leave. Fed. R. Civ. P. 15(a)(2). Nothing suggests that Plaintiff has obtained consent, and it is plain that no motion has been filed.

Accordingly, the Court STRIKES Plaintiff's Amended Complaint (Dkt. 11), and will consider only the claims set forth in the original Complaint (Dkt. 1) in deciding Defendant's Motion to Dismiss and Plaintiff's TRO Motion.

### B. The Court Lacks Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) authorizes this Court to dismiss a complaint for lack of subject matter jurisdiction. The *Rooker-Feldman* doctrine[2] divests a court of such jurisdiction even when a plaintiff has raised a federal question or the parties are diverse.[3] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 291-92 (2005) ("*Rooker* and *Feldman* exhibit the limited circumstances in which [the United States Supreme] Court's appellate jurisdiction over state-court judgments, 28 U.S.C. § 1257, precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority, e.g., . . . § 1331 (federal question), and § 1332 (diversity)."). Because *Rooker-Feldman* is a limitation on a federal court's power to entertain an

---

[2]The doctrine gets its name from two Supreme Court cases decided sixty years apart: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[3]The parties are "citizens of different States" within the meaning of 28 U.S.C. § 1332(a). Plaintiff has adequately informed the Court that his domicile is Michigan (Dkt. 9 ¶ 3), and Defendant, a national banking association, has informed the Court that its main office is located in Ohio (Dkt. 14). *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006) (holding "that a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located.").

action, if it applies, this Court is precluded from addressing issues that go to the merits—including Defendant's res judicata defense. *Hutcherson v. Lauderdale County, Tenn.*, 326 F.3d 747, 755 (6th Cir. 2003) (explaining that *Rooker-Feldman* and res judicata "are not coextensive, and *Rooker-Feldman* should be considered first since its application strips federal courts of jurisdiction and the ability to hear a res judicata, or other affirmative, defense.").[4]

In 2005, the United States Supreme Court clarified that the *Rooker-Feldman* doctrine is limited to "cases brought by state-court losers complaining of injuries caused by the state-court judgments rendered before the [federal] district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil*, 544 U.S. at 284. Following *Exxon Mobile*, the Sixth Circuit Court of Appeals explained that "[i]f the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006).

Although the scope of *Rooker-Feldman* was constricted in *Exxon Mobile* and *McCormick*, the instant action falls "within [the] narrow range of cases over which jurisdiction does not exist." *See Givens v. Homecomings Fin.,* 278 F. App'x 607, 608 (6th Cir. 2008) (applying *Rooker-Feldman* where Plaintiff brought Fair Debt Collection Practices Act claim in federal district court after "mortgagee obtained a state court order granting it possession of [plaintiff's] residence"). First, the summary eviction proceedings resulted in a judgment of possession in favor of Plaintiff. Second, in July 2010, Plaintiff's Wayne County Circuit Court action to have the sheriff's deed set aside was

---

[4]It follows that it is technically improper for Defendant to raise res judicata pursuant to Rule 12(b)(1); that rule is limited to dismissal for "lack of subject-matter jurisdiction."

7

dismissed with prejudice by that court. A little over a month later, Plaintiff filed this suit asking that "the sheriff's deed conveyed to Defendant be held . . . null and void and that the Court adjudge that fee simple title to the subject property be in Plaintiff." (Dkt. 1, Compl. at 2.) Plaintiff further asks this Court to vest "all right, title and interest of Defendant" in Plaintiff. (*Id.*) Simply stated, Plaintiff invites this Court to relieve him from both the state district court judgment of possession and to find that the Wayne County Circuit Court erred in determining the validity of the sheriff's deed. This, however, is exactly the type of appellate review that a federal district court may not conduct under *Rooker-Feldman*. *See Battah v. ResMAE Mortg. Corp.*, __ F. Supp. 2d __, 2010 WL 4260530, at *3 (E.D. Mich. Oct. 28, 2010) ("Plaintiff lost a state court foreclosure and possession action, and the state court entered an order of eviction against him. Any of Plaintiff's current claims which seek to disturb the state court judgments of foreclosure, possession, or eviction, are subject to the *Rooker-Feldman* doctrine."); *Luckett v. U.S. Bank Nat. Ass'n*, No. 08-14285, 2009 WL 22858, at *4 (E.D. Mich. Jan 5, 2009) (denying TRO on the basis of no likelihood of success and explaining that "to sustain the Plaintiff's complaint in this case would require the Court to in effect act as an appellate tribunal and conclude that the Michigan court simply made the wrong decision in the foreclosure and possession action. Under the *Rooker-Feldman* doctrine, as refined in *Exxon Mobil*, the complaint is clearly subject to dismissal under Rule 12(b)(1).").[5]

## III. CONCLUSION

For the foregoing reasons, the Court STRIKES Plaintiff's Amended Complaint (Dkt. 11), DENIES Plaintiff's Emergency Motion for Ex-Parte Temporary Restraining Order and Preliminary

---

[5] It follows that this Court has no power to grant Plaintiff a TRO or preliminary injunction based on his Complaint.

Injunction (Dkt. 3), and GRANTS Plaintiff's Motion to Dismiss (Dkt. 8). Plaintiff's Complaint (Dkt. 1) is DISMISSED for lack of subject-matter jurisdiction.

    **IT IS SO ORDERED.**


Dated: January 25, 2011                        S/ Sean F. Cox
                                                        Sean F. Cox
                                                        U. S. District Court Judge


I hereby certify that on January 25, 2011, the foregoing document was served upon counsel of record by electronic means and upon Duane David by First Class Mail at the address below:

Duane Davis
25996 Labana Woods Drive
Taylor, MI 48180


Dated: January 25, 2011                        S/ Jennifer Hernandez
                                                        Case Manager